THE STATE v. HARRY KNOWLES.

Decided December 3, 1925.

Crimes—Assault and Battery—Malicious Mischief—Alleged Error in Charge in Defining the Crimes—Held, That An Instruction Must Be Viewed With Regard to the Issues Raised by the Pleading in Evidence, and If a Charge, When So Construed, is Free From Error, It Will Not Be Ground For Renewal Although Wrong As An Abstract Proposition—Court, in Directing Jury to Rely on Its Own Recollection of the Facts, Notwithstanding Any Statement by the Court, Negatives Any Error Contained in Such Statement—No Merit in Allegation That a Verdict Should Have Been Directed For Defendant, or That Verdict Was Against Weight of Evidence.

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Harold Simandl.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The plaintiff in error, together with six other men, was tried in the Essex Quarter Sessions on an indictment containing two counts, the first of which charged that the defendants did willfully and maliciously break, destroy and damage an omnibus, the property of the Public Service Transportation Company, and the second charging an assault and battery upon one Dominick Savi, the driver of the omnibus. The trial resulted in the conviction of Knowles, and the present writ of error was sued out to review the validity of that conviction.

The first contention before us is that the verdict convicting him of the charges made in the indictment was against

the weight of the evidence. Our examination of the testimony sent up with the writ leads us to the conclusion that the jury was fully justified in its finding.

The second, third, fourth and fifth grounds of reversal are directed at alleged errors committed by the trial court in its charge to the jury in defining the crimes of assault and battery and of malicious mischief, and instructing the jury as to the responsibility of all persons jointly engaged in the perpetration of a criminal act. In the case of *State* v. *Jones*, 71 *N. J. L.* 543, 546, and in the later case of *State* v. *Egan*, 84 *Id.* 701, 706, the following rule is laid down as the test to be applied in considering alleged errors in the charge delivered to the jury in a criminal case: "An instruction must be viewed with regard to the issues raised by the pleadings and the evidence; and, if a charge when so construed, is free from error, it will not be ground for reversal, although wrong as an abstract proposition." Tested by this rule, we find nothing of merit in the attack upon the charge.

It is further argued that there should be a reversal in this case because of the misstatment of certain facts by the trial judge in the charge to the jury. Assuming that the statements pointed out by counsel are to some extent inaccurate, that fact will not justify a reversal, for the reason that at the close of the charge the trial court said: "In reciting briefly, as I have, some of the facts, I wish you to disregard anything I have said with respect to the evidence unless it coincides with your own recollection. I may have erred in my recollection of what the evidence was. If I have, you must disregard it, because your recollection of what the evidence is must be your sole guide, and not what the court has referred to as the evidence." This statement nullified any inaccuracies of the trial judge in reciting facts, and, consequently, the plaintiff in error is not entitled to a reversal because of such alleged misstatements. *State* v. *Young*, 97 *N. J. L.* 501, last syllabus.

The last contention is that the trial court erred in refusing to direct a verdict in favor of the defendant at the close

of the case. What has been said with relation to the first point argued is dispositive of this latter one.

The judgment under review will be affirmed.